**ORIGINAL**

**Morton Minikes, Esq.** (S.B. No. 34308)
Landmark I
11755 Wilshire Blvd.
15th Floor
Los Angeles, CA. 90025-1506
Tel. No. (310) 473-4826
Fax No. (310) 312-3836
Email: minikeslaw@verizon.net

Attorney For Defendants
Westco Investment, LLC and
Farsi Import, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER, | Case No. 2:19-cv-02439-SVW-SK |
| Plaintiff, | Judge: Hon. Stephen V. Wilson |
| vs. | Magistrate: Hon. Steve Kim |
| WESTCO INVESTMENT, LLC, A California Limited Liability Company; FARSI IMPORT, LLC, A California Limited Liability Company and Does 1-10, | **DECLARATION OF MORTON MINIKES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | Date: September 23, 2019<br>Time: 1:30 p.m.<br>Ctrm: 10A (10th Flr.) |

1

# DECLARATION OF MORTON MINIKES

I, **Morton Minikes**, declare:

1. If called and sworn as a witness I can competently testify to all of the following matters, which are within my personal knowledge.

2. Continuously since 1963 I have been and am now an attorney duly licensed to practice law in the State of California. I am the attorney of record for Defendants Westco Investment, LLC ("Westco") and Farsi Imports, LLC (herein after sometimes collective referred to as "Defendants") in the within action.

3. This Declaration is offered in support of Defendants' opposition to Plaintiff's Motion for Summary Judgment (the "MSJ").

4. The property that is the subject of the MSJ is commonly known as 1916 Westwood Blvd., Los Angeles, CA 90025 (the "Property"). Public records show that the Property was developed in 1947, some 72 years ago, which is long before the adoption of the ADA and the Unruh Civil Rights Act that are the subject matter of this action.

5. For the reasons stated below, I am thoroughly familiar with the Property and its use exclusively as a restaurant (the "Restaurant") by reason of my being legally involved with the acquisition of the Property by

2

Defendant Westco and its predecessor-in-interest and having dined at the Restaurants operating at the Property on numerous occasions since at least 2001.

6. Defendant Westco's immediate predecessor-in-interest with respect to the Property was GTK Investment, Inc. ("GTK") who acquired the Property in December 2001 pursuant to a Trustee's Deed Upon Sale that was recorded in the Office of the Los Angeles County Recorder on December 20, 2001 as Instrument No. 01 2436884.

7. In conjunction with GTK acquiring the Property I rendered certain legal services that assisted GTK in this regard. This involvement required me to become familiar with all aspects of the Property.

8. At the time that GTK acquired the Property it was improved with a single story building (the "Building") that had been occupied by a fully equipped restaurant that had been serving Persian cuisine (the "Restaurant"). However, at the time GTK acquired the Property the operator/owner of the restaurant had vacated the Property leaving the Restaurant in its "AS IS" condition, i.e., with all its equipment and fixtures. Since then the configuration and fixtures of the restaurant have remained essentially unchanged to the present time.

3

9. Since at least 2001 the public entrance to the Building has been on Westwood Blvd. There is another entrance to the Building in the rear, which is adjacent to the parking lot in the rear of the Property. However, after Plaintiff's access specialist did a site inspection of the Property on August 19, 2019, she rendered a Report dated August 25, 2019, which was after the filing of the MSJ, in which she concluded that,

> "The back entry led thru the kitchen so the public is not allowed by health codes to use this entryway from the parking area."

10. Since at least 2001, in rear of the Property there is a parking lot for approximately 6 vehicles with one of the parking spaces specifically designated for handicap parking. Ingress and egress to the parking lot is by means of a narrow driveway that starts on Westwood Blvd. and runs along the south side of the Building. This means of access to and from the parking lot has remained unchanged to the present date. Furthermore, changing this configuration is not feasible because it would require the demolition of a portion of the side of Building on the Property running parallel to the driveway.

11. In 2003 Defendant Westco acquired the Property from GTK pursuant to a Quitclaim Deed that was recorded in the Office of the Los

4

Case No. 2:19-cv-02439-SVW-SK         Declaration of Morton Minikes
                                      in Support of Defendants'
                                      Opposition To Plaintiff's Motion
                                      For Summary Judgment

Angeles County Recorder on September 23, 2003 as Instrument No. 03 2852420. I was the attorney for GTK and Westco relative to Westco's acquisition of the Property from GTK.

12. Except for some minor remodeling in 2004 with the installation of a non-bearing wall and furr-outs to create a service counter, the configuration, equipment and fixtures of the restaurant have remained essentially same.

13. Although Plaintiff repeatedly contends that the Restaurant has a "sales counter," which does not comply with ADA requirements because it is too high, ever since the Property was acquired by GTK in 2001 and by Westco in 2003 the Restaurant has not had and now does not have a "sales counter." The reason for the lack of a "sales counter" is that the Restaurants operating at the Property, even before 2001, have always been sit down fine dining establishment rather than fast food take out operation the likes of McDonalds, Jack-in the Box, Burger King, Arby's, In and Out Burger, Carl's, Jr., etc. Thus, upon entering the Restaurant from Westwood Blvd. the patron is escorted to a table where the food is ordered through a server, the patron dines at the table, and the bill is given to the patron at the table where

5

Case No. 2:19-cv-02439-SVW-SK                 Declaration of Morton Minikes
                                                in Support of Defendants'
                                                Opposition To Plaintiff's Motion
                                                For Summary Judgment

it is paid. Thus, there is no need for a "sales counter," which one normally sees at a fast food take-out establishment.

14. The lack of a "sales counter" at the Farsi Café Restaurant is confirmed by Plaintiff's CAsp access specialist, Janis Kent, who conducted a site inspection of the Property on August 19, 2019. In her written Report of the site inspection dated August 25, 2019, which was rendered after the MSJ was filed, Ms. Kent states that,

> "I did not evaluate the interior seating or high counter since it appeared to be more of a privacy screen for workers than a transaction counter."

15. Since my involvement with the Property going back to at least 2001, the parking lot in the rear of the Property has always had and now has a specifically designated handicap parking space and an adjoining access aisle.

In fact, in her August 25, 2019, written Report of her August 19, 2019, site inspection of the Property, Plaintiff's CAsp access specialist, Janis Kent, attaches the following photograph of the handicap parking space and access aisle at the at parking lot at the Property:

6

Case No. 2:19-cv-02439-SVW-SK

Declaration of Morton Minikes
in Support of Defendants'
Opposition To Plaintiff's Motion
For Summary Judgment



16. In addition to having a dedicated handicap parking space the dimensions of the parking space and the adjoining access aisle are apparently in accordance with ADA Requirements for van accessibility. This was confirmed in my presence Plaintiff's CAsp access specialist, Janis Kent, at the time of her site inspection of the Property on August 19, 2019, when she had the parking space and access aisle measured in my presence.

17. Further, Plaintiff's contention that none of the parking spaces in the parking lot had no "NO PARKING" and no International symbol of Access in any space is just plain wrong.

Ms. Kent's attached photograph clearly shows that the dedicated handicap parking space includes the International Symbol of Accessibility, which is painted in blue on the ground and the sign on the wall of the Building immediately in front of the handicap parking space has the required

7

Case No. 2:19-cv-02439-SVW-SK

Declaration of Morton Minikes in Support of Defendants' Opposition To Plaintiff's Motion For Summary Judgment

warning designation that it is reserved for handicap parking. In addition it is at the proper height as required by ADA Requirements.

18. Just as importantly, the subject sign and International Symbol were in place long before Plaintiff allegedly went to the Property on March 1, 2019, since I personally observed them during the many times I visited the Property to dine at the Restaurant prior to March 1, 2019. The same holds true with respect to time when Plaintiff's investigator, Mr. Louis, allegedly went to the Property to investigate it.

19. Furthermore, the access aisle adjoining the handicap parking space has the required painted hatch marks the purpose of which is to discourage parking in that space.

20. Moreover, the surface of the handicap parking space and the adjoining access aisle are smooth, stable because they are capped with a hard surface, and virtually level in all directions. That the handicap parking space and the adjoining access aisle are essentially level was confirmed in my presence by Plaintiff's CAsp access specialist, Janis Kent, at the time of her site inspection of the Property on August 19, 2019, when she had the gradient of those surfaces measured.

8

Case No. 2:19-cv-02439-SVW-SK    Declaration of Morton Minikes in Support of Defendants' Opposition To Plaintiff's Motion For Summary Judgment

21. This holds true as well for the path of travel from the parking lot to the entrance of the Restaurant, which path of travel is indicated by blue hatch marks starting at the parking lot and continuing along the driveway all the way to the street. Thus, the path of travel to and from the parking lot and the front of the Restaurant is not only clearly marked and identified it is virtually level and therefore accessible by a person in a wheelchair.

21. Although the Restaurant has two designated bathrooms for its patrons, one for men and one for women, Plaintiff contends that one of those bathrooms is out of ADA compliance, but fails to identify which of the two bathrooms is out of compliance. In any event, the alleged non-compliance is of minor nature, namely,

> "The restroom mirror was mounted on the wall and it was 46 inches above the finish floor."

To the extent that a mirror in one of the bathrooms may be out of compliance Defendants stand, ready willing and able to correct this apparent minor infraction.

22. Since May of 2013 the Farsi Café has been the tenant operating the Restaurant at the Property. However, contrary to Plaintiff's contention the Farsi Café is neither owned nor operated by Defendant Farsi Imports,

9

Case No. 2:19-cv-02439-SVW-SK                    Declaration of Morton Minikes
                                                 in Support of Defendants'
                                                 Opposition To Plaintiff's Motion
                                                 For Summary Judgment

LLC. Rather, it is owned and operated by entirely different entities. I know this because I was the attorney for the Landlord, Defendant Westco, who approved of the Lease before it was acceptable to Defendant Westco.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

Dated this 20th day of September 2019 at Los Angeles, California.

*Morton Minikes*
**Morton Minikes**

## PROOF OF SERVICE

**COUNTY OF LOS ANGELES** )
                         ) SS
**STATE OF CALIFORNIA**   )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Landmark I, 11755 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-1506.

On September 20, 2019 I served the foregoing document described as DECLARATION OF MORTON MINIKES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT on the interested parties in this action by:

__X__ **BY MAIL** - placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Center For Disability Access
Raymond Ballister Jr, Esq.
Phyl Grace, Esq.
Russell Handy, Esq.
Dennis Price, Esq.
P.O. Box 262490
San Diego, CA 92196-2490
(Attorneys for Plaintiff)
(Courtesy Copy by Email to:
jennifern@potterhandy.com)

__X__ I deposited such envelope in the mail at Los Angeles, California, with postage thereon fully prepaid

__X__ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed valid is postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 20, 2019, at Los Angeles, California

__X__ **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Morton Minikes*
**Morton Minikes**

11